IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| OLAN ROGER GLASSCOCK | § | |
| v. | § | CIVIL ACTION NO. 6:07cv498 |
| SGT. WILLIAM McGHEE | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Olan Glasscock, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Glasscock complained of a denial of medical care which he suffered at the Henderson County Jail in November of 2005. On November 5, 2007, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because Glasscock has previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief could be granted, and so he has three strikes under 28 U.S.C. §1915(g). As a result, Glasscock cannot proceed *in forma pauperis* unless he shows that he is in imminent danger of serious physical injury. The Magistrate Judge concluded that Glasscock did not make such a showing and did not pay the full filing fee, and so recommended that the lawsuit be dismissed.

Glasscock filed objections to the Magistrate Judge's Report on December 3, 2007. In his objections, Glasscock refers to a prior lawsuit in which he says that he paid the filing fee, and asks that the Court send him another application for leave to proceed *in forma pauperis*. He asks what inmates are supposed to do who cannot pay the fee, and appears to argue that he does not have three strikes.

The fact that Glasscock may have paid the filing fee in a prior lawsuit is of no moment, particularly in light of the fact that lawsuits may be dismissed as frivolous regardless of whether or not the filing fee is paid. 28 U.S.C. §1915A. Glasscock has already filed a motion for leave to proceed *in forma pauperis*, and so he need not file another one; although he did not provide a data sheet, this is something which he must get at the institution where he is confined. The constitutionality of Section 1915(g) has been repeatedly upheld by the Fifth Circuit. *See* Adepegba v. Hammons, 103 F.3d 383, 386-87 (5th Cir. 1996). The Magistrate Judge documented Glasscock's prior lawsuits which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, and Glasscock has not shown that the Magistrate Judge was incorrect in this regard. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 5) is DENIED. It is further

ORDERED that this lawsuit is hereby DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 13th day of December, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**